UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

AARON BROWN,

                          Plaintiff,               COMPLAINT
                                                       12 CV 4870 (JGK)(JCF)

        - against -

THE CITY OF NEW YORK, DAVID WHEELER,
DANIEL CALLINAN, and JOHN DOE 1, the
name being presently unknown and fictitious,
employees of the New York City Police
Department,
                                                       Jury Trial Demanded
                          Defendants.

------------------------------------------------------------------x

       Aaron Brown, by his attorney, Matthew Flamm, alleges the following upon information and belief as his Complaint:

### Nature of the Action

       1.    This civil rights action arises from Defendants' April 9, 2011 detention and arrest of Aaron Brown on the claim that he criminally trespassed at 1505 Park Avenue in Manhattan, a building in which his mother and younger brother live and which is part of a New York City Housing Authority development known as the Clinton Houses, as well as Plaintiff's subsequent prosecution for possessing a pocket-sized self-defense spray, which is not unlawful. Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

       2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff also requests that this Court exercise pendent

jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do Plaintiff's federal claims.

3.  Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because Defendant City of New York resides in that judicial District.

<u>Parties</u>

4.  Plaintiff Aaron Brown is a citizen of the United States of America residing in the State and City of New York, Bronx County. He is African-American, twenty-four years of age, and, other than the incidents underlying this lawsuit, Mr. Brown has never been arrested. He has, as of this date, worked for the United States Department of Labor as an Information Technology manager for approximately three years, and expects to graduate this Summer from Bronx Community College with a degree in Computer Science.

5.  Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6.  Defendants David Wheeler, Shield 16703, Daniel Callinan, Shield 17721, and John Doe 1 (together, the "individual Defendants") were, at all times relevant, duly appointed and acting police officers acting within the scope of their employment by Defendant City's Police Department and assigned to the 23rd Precinct in the Manhattan.

7.      The individual Defendants are liable either for directly participating in the acts described herein or for failing to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Brown was subjected despite having a reasonable opportunity to do so.  They are sued in their individual capacity.

8.      At all times relevant, the individual Defendants were acting under color of state law.

## Notice of Claim

9.      On June 29, 2011, and within ninety days after his claims arose, Plaintiff filed a Notice of Claim upon Defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

10.     The Notice of Claim was in writing and was sworn to by the Plaintiff, and contained the name and a post office address of the Plaintiff.

11.     The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

12.     The Notice of Claim was assigned Claim No. 2011PI025040, and Defendant City of New York took Plaintiff's testimony pursuant to General Municipal Law §50-h on August 23, 2011.

13.     The City of New York has neglected and failed to adjust the claims within the statutory time period.

14.     This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

Facts Underlying
<u>Plaintiff's Claims for Relief</u>

15.     On or about April 9, 2011 at around 8:00 p.m., the individual Defendants unlawfully accosted, detained and arrested Aaron Brown on the false claim of criminally trespassing at 1505 Park Avenue, New York, New York, a building part of the New York City Housing Authority development known as the Clinton Houses./[1]

16.     The Defendant Officers, incidental to Mr. Brown's unlawful arrest, repeatedly and unlawfully searched him while in the lobby of the building. During the third search of Mr. Brown, a personal use-sized can of self-defense spray was found in Plaintiff's jacket pocket..

17.     Mr. Brown's possession of the self-defense spray was and is lawful under New York Penal Law §270.05(5) and §265.20(a)(14).

18.     Mr. Brown, who grew up and had lived in the Clinton Houses for approximately ten years, had been visiting on April 9, 2011 with his mother and had plans to meet up with his younger brother, Anthony Brown.

19.     Mr. Brown left the family's apartment with his mother, who was stepping out to go shopping, and Plaintiff waited in the building's lobby for his then-fourteen year old brother.

20.     The three individual Defendants, who were in uniform, entered the lobby and immediately approached Mr. Brown. One of the individual Defendants, described as shorter than the other two Defendants and believed to be Defendant

---

[1]. The Clinton Houses has six buildings with approximately seven hundred fifty apartments. It is bounded by Park and Lexington Avenues and East 104th, 106th, 108th and 110th Streets.

Callinan, demanded in a stern and accusatory tone to know what Plaintiff was doing there.

21.     Mr. Brown truthfully explained that he had been visiting with his mother, who lived there, and was waiting for his brother.

22.     Plaintiff was, without reasonable suspicion or probable cause, ordered to turn around and place his hands on a wall/large window.  Plaintiff reasonably believed he was not free to go.

23.     The same individual Defendant who had questioned Plaintiff then aggressively pat-frisked Mr. Brown, went through his pockets, and found nothing illegal.  That individual Defendant then again pat-frisked Mr. Brown, and again found nothing illegal.  Mr. Brown was searched a third time and that Defendant found the personal protection spray in Plaintiff's jacket pocket.  Plaintiff was handcuffed.

24.     Plaintiff was brought in handcuffs to the 23rd Precinct Stationhouse despite that possession of the spray was and is legal and that both Plaintiff and his mother, who had returned home only to find her son handcuffed and surrounded by Police Officers in her building's lobby, explained that fact to the officers.

25.     The individual Defendants prepared or allowed to be prepared false police reports accusing Aaron Brown of a crime.

26.     After the arrest paper work was completed, Mr. Brown was released with a Desk Appearance Ticket requiring, under threat of issuance of an arrest warrant and of arrest, to return to Criminal Court on May 12, 2011 to defend against the baseless charge.

27.     The individual Defendants made or allowed to be made false statements to the New York County District Attorney's Office supporting prosecution.

28.     The misrepresentations caused Plaintiff to be prosecuted under New York County Docket No. 2011NY031468 on the false charge of unlawfully possessing a noxious material under Penal Law 270.5(2), a misdemeanor punishable by three months in jail.

29.     Mr. Brown appeared for arraignment on the false charges, and was released and required, under threat of issuance of an arrest warrant and of arrest, to again return to Criminal Court to defend against the baseless charge until, on June 24, 2011, the prosecution was dismissed on the motion of the District Attorney.

30.     The individual Defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful stop, arrest, and prosecution of Mr. Brown.

31.     Defendants' acts and omissions caused Mr. Brown to suffer physical discomfort and mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries.

32.     The individual Defendants, at all times relevant, and in stopping, arresting, and imprisoning Plaintiff, and in offering false evidence to the District Attorney and Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to Plaintiff's rights and physical and mental well-being.

PLAINTIFF'S FEDERAL CLAIMS
AGAINST THE INDIVIDUAL DEFENDANTS

33. Plaintiff repeats the allegations of paragraphs 1-32 above as though fully stated herein.

34. The conduct of the individual Defendants as described herein amounted to unlawful seizure and malicious prosecution in violation of 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution and deprived Mr. Brown of his rights to be free and secure in his person, to be free from arrest or search except on probable cause or pursuant to warrant and to be free from deprivation of liberty caused by prosecution without probable cause and with actual malice.

35. As a consequence thereof, Aaron Brown has been injured.

PLAINTIFF'S STATE COMMON LAW
CLAIMS AGAINST THE DEFENDANTS

36. Plaintiff repeats the allegations of paragraphs 1-32 above as though fully stated herein.

37. The conduct described herein amounted to unlawful arrest and imprisonment, assault, battery, and malicious prosecution.

38. As a consequence thereof, Aaron Brown has been injured.

PLAINTIFF'S FEDERAL CLAIMS
AGAINST THE CITY OF NEW YORK

39. Plaintiff repeats the allegations of paragraphs 1-32 above as though fully stated herein.

40. The acts complained of herein resulted from Defendant City of New York, through its agents, servants and employees, breaching its duty properly to

instruct, supervise, monitor and control its Police employees, including instructing, supervising, monitoring and controlling the individual Defendants herein.

41.     Defendant City's enforcement of criminal trespass laws in and around New York City Housing Authority-owned properties without adequate training, supervision, monitoring or control has resulted in a de facto policy, pattern and practice of illegal stops, seizures, arrests and prosecutions, including the stop, seizure, arrest, and prosecution of Aaron Brown.

42.     The City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that police officers employed in the Housing Bureau, including officers involved in the present case, routinely and pursuant to City policy and practice conduct unlawful stops, arrests, and prosecutions based on purported enforcement of the criminal trespass laws.

43.     The NYPD's policy, pattern and practice amounts to a roving pedestrian checkpoint wherein NYPD officers stop, seize, question, and arrest individuals such as Aaron Brown without individualized objective facts supporting reasonable suspicion or probable cause.

44.     On information and belief, the City does not monitor arrests occurring in public housing developments such as the Clinton Houses for improper stops, seizures, and arrests and has not instituted any monitoring or follow up procedure for disciplinary action when charges are dismissed or where it is otherwise established that an individual such as Aaron Brown was detained, questioned, searched, arrested or prosecuted unlawfully.

45.     The aforesaid conduct by the City of New York violated Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

46.     As a consequence thereof, Aaron Brown has been injured.

<u>Request for Relief</u>

WHEREFORE, Plaintiff respectfully requests that judgment be entered as follows:

(A)     that Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution were violated;

(B)     Compensatory damages in an amount to be fixed at trial;

(C)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual Defendants in an amount to be fixed at trial;

(D)     An award to Plaintiff of the costs and disbursements herein;

(E)     An award of attorney's fees under 42 U.S.C. §1988; and

(F)     Such other and further relief as this Court may deem just and proper.

Dated: June 21, 2012
       Brooklyn, New York

_____
Matthew Flamm
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117